08-4972-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of January, two thousand ten.

PRESENT:  JON O. NEWMAN,
          ROSEMARY S. POOLER,
          ROBERT A. KATZMANN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - -
GREG S. DAVIS,
          Plaintiff-Appellee,

          v.                                             08-4972-cv

BRIAN U. STRATTON, Mayor, and
MICHAEL N. GERACI, SR., Chief
of Police,
          Defendants-Appellants.
- - - - - - - - - - - - - - - - - -


APPEARING FOR APPELLANTS:        L. John Van Norden, Corporation
                                 Counsel, Schenectady, New York.

APPEARING FOR APPELLEE:          Randall L. Wenger, Boyle, Neblett &
                                 Wenger, Camp Hill, Pennsylvania.

Davis v. Stratton
Docket No. 08-4972-cv


        Appeal from the United States District Court for the Northern
District of New York (Lawrence E. Kahn, District Judge).

        ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED that the judgment of the District Court is REVERSED with
instructions to dismiss the complaint.

        Defendants-appellants Brian U. Stratton, the Mayor of
Schenectady, and Michael N. Geraci, the Schenectady Chief of
Police, appeal from the judgment entered September 9, 2009,
enjoining them from preventing plaintiff-appellee Greg Davis from
preaching and conducting other activities in certain areas of the
campus of the Schenectady County Community College ("SCCC"). Both
appellants were sued only in their official capacities. The
judgment also enjoined defendant Michael Diannibale,[1] Assistant
Dean of Administration for SCCC, who has not appealed. Although
the caption of the judgment lists SCCC as a defendant, a footnote
to the judgment clarifies that SCCC was inadvertently included in
the caption and that SCCC is not a party.

        We assume the parties' familiarity with the facts and
procedural aspects of this case.

        The suit against the mayor and police chief in their official
capacities is essentially a suit against the City of Schenectady,
because in a suit against a public entity, naming officials of the
public entity in their official capacities "add[s] nothing to the
suit." Gernetzke v. Kenosha Unified School District No. 1, 274
F.3d 464, 466 (7th Cir. 2001).

        The appellee recognizes that to obtain relief against the
municipal officers, sued in their official capacity under 42 U.S.C.
§ 1983, he must show that there existed a municipal policy that was
being enforced to deny him his constitutional rights. See Monell v.
Department of Social Services, 436 U.S. 658, 690 (1978); Amnesty
America v. Town of West Hartford, 361 F.3d 113, 124-25 (2d Cir.
2004).

_____

        [1]The record also contains documents spelling this name
"D'Annibale," "D'Annabale." and "DiAnnibale."

Davis v. Stratton
Docket No. 08-4972-cv


The District Court's opinion did not consider <u>Monell</u> or any other decision involving the municipal policy requirement for public officers' official capacity liability.  The Court made no finding of a municipal policy.  Instead, the Court considered the "main issue" to be "whether Plaintiff has a First Amendment right to preach, hand out leaflets, and videotape his actions in the Quad area of SCCC, and whether that right was violated by his removal from SCCC." <u>Davis v. Stratton</u>, 575 F. Supp. 2d 410, 416 (N.D.N.Y. 2008).  The Court's resolution of that issue, the correctness of which is not disputed in this appeal, may have sufficed to support relief against Diannabile, but a finding of a municipal policy was essential to the granting of relief against the municipal officials.

In this case, the plaintiff-appellee contends on appeal that he is relying on "<u>the City's policy of deferring to the college without any independent constitutional assessment</u>." Appellee's Br. at 18 (emphasis in original), also described as "<u>the City's policy of simply deferring to the college as far as who to remove, regardless of the constitutional rights involved</u>," <u>id.</u> at 31 (emphasis in original).  He particularizes his claim by stating that "a policy can consist of deliberate indifference to inadequate training," <u>id.</u> at 20 (citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989)), and he identifies various components of proper training that he believes the City should have undertaken to promote police officers' compliance with First Amendment limitations in the context of an exercise of free speech right on the campus of a public college, <u>see</u> <u>id.</u> at 22.

We agree that lack of training can, in some circumstances, establish a policy under <u>Monell</u>, and that, in some circumstances, the need for training may be so obvious that the lack of training "could properly be characterized as 'deliberate indifference' to constitutional rights." <u>Harris</u>, 489 U.S. at 390 n.10 (training on use of firearms to arrest fleeing felons).  However, it is not obvious what training a city must undertake to assure police officers' compliance with First Amendment standards in the various situations that may arise when officers are called by college officials to remove people from college property, even college property that is publicly owned.  Some portions of a public college's campus may be a public forum, but a campus is not the village green.  Nor is it obvious that a deliberate indifference

claim may be established by a single episode of removing a person from a college campus.

We need not explore the appropriate extent of training needed to defeat a Monell claim based on lack of training in the context of this lawsuit because the plaintiff failed to provide sufficient evidence to permit a fact-finder to find a municipal policy grounded on lack of required training. The plaintiff did not present a deposition from any senior officer of the Police Department or any training officer. The only evidence presented as to training was the deposition of Officer Jason Slingerland. He stated that other than police academy training and in-house service training, he had not received specific training in civil rights or free speech issues, and he did not know of other officers who had had such training. This fragmentary testimony would not provide a fact-finder with a basis to determine whether the training of police officers in the Schenectady Police Department was so deficient as to establish a municipal policy of indifference to constitutional rights.

In any event, we note that the likelihood of future violations of the plaintiff's rights on the SCCC campus have been substantially diminished by the unappealed injunction against Dean Diannibale and the Police Department's awareness of that injunction.

The judgment of the District Court is reversed, and the case is remanded with directions to dismiss the complaint against defendants Stratton and Geraci. No costs.

FOR THE COURT,
CATHERINE O'HAGAN WOLFE, Clerk

By:_____

-4-